UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MADINA F.,[1] | : | Case No. 3:20-cv-321 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

# DECISION AND ENTRY

Plaintiff Madina F. brings this case before the Court challenging the Social Security Administration's denial of her application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #16), Plaintiff's Reply (Doc. #17), and the administrative record (Doc. #10).

## I.  Background

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a).  The term "disability" encompasses "any

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case,[2] Plaintiff applied for benefits on August 16, 2017, alleging disability due to several impairments, including a "worsening of Crohn's disease, worsening ulcerative colitis, worsening hydraditis supperativa, worsening Crohn's related arthritis, major depression disorder, and anxiety disorder." (Doc. #10-6, *PageID #*295). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since August 16, 2017, the application date. |
| Step 2: | She has the severe impairments of obesity, hidradenitis suppurativa, arthritis, fibromyalgia, Crohn's disease, ulcerative colitis, anxiety, and depression. |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work… subject to the following limitations: (1) occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; (2) never climbing ladders, ropes, scaffolds; (3) frequently handling and fingering bilaterally; (4) frequently reaching overhead bilaterally; (5) no exposure to hazards such as dangerous |

---

[2] Plaintiff previously applied for benefits in August 2012. This claim was denied by decision by the U.S. District Court on August 13, 2018. (Doc. #10 at *PageID #*s 146-81).

> machinery or working at unprotected heights; (6) indoor, temperature-controlled work with no exposure to extremes of heat, cold, wetness, or humidity; (7) does not have to be replaced with another worker before going to the restroom; (8) low-stress work with no strict production quotas or fast-pace and only routine work with few changes in the work setting defined as 1-2 per week; (9) occasional contact with the public."
>
> She has no past relevant work.
>
> Step 5: She can perform a significant number of jobs that exist in the national economy.

(Doc. #10, *PageID* #s 49-60). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 61.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10, *PageID* #s 49-60), Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #16). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may

result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.   Discussion

In her Statement of Errors, Plaintiff raises one assignment of error, which is that the "ALJ reversibly erred by failing to include any allowance for off-task or absences in the accepted hypothetical to the vocational expert despite [Plaintiff's] severe fibromyalgia, hypermobility syndrome, hidradenitis suppurativa, and other severe physical and mental impairments." (Doc. #13, *PageID* #2481).[3] The Commissioner maintains that the ALJ's decision is supported by substantial evidence. (Doc. #16, *PageID #s* 2492-2502).

During the hearing, ALJ Adkins posed a series of hypotheticals to the vocational expert about the availability of jobs in the national economy for an individual with certain hypothetical limitations. (Doc. #10-2, *PageID* #s 97-99). In the first two hypotheticals posed by the ALJ, the vocational expert was able to identify a significant number of jobs that would be available in the national economy for an individual with the specified limitations. *Id.* In the next hypothetical, the vocational expert was asked whether the identified jobs would allow the hypothetical

---

[3] Plaintiff's assignment of error was limited to the ALJ's decision to not include the work-preclusive limitations from the final hypotheticals in her RFC. Accordingly, she has waived her right to challenge any other findings, as she failed to adequately raise them. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (finding plaintiff had waived its challenge to the ALJ's findings on certain impairments by not raising it in the merits brief).

individual to have two additional fifteen-minute breaks where they were permitted to leave the workstation randomly throughout the day. *Id*. at 99. In response, the vocational expert indicated that such a limitation would be work-preclusive. *Id*. Similarly, the vocational expert testified that such an individual would not be able to maintain gainful employment if she were off-task more than twelve percent of the day or absent two days per month. *Id*. at 99.

In assessing Plaintiff's RFC, ALJ Adkins ultimately decided not to incorporate any of the final three hypothetical limitations related to additional breaks, off-task behavior, and absenteeism. *See id*. at 55-58. Plaintiff contends that the failure to include these limitations in the RFC constitutes reversible error as she would have been found disabled had these limitations been included. (Doc. #13, *PageID* #s 2481-83).

A plaintiff's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). The ALJ is responsible for assessing an individual's RFC. 20 C.F.R. § 416.920(a)(4). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- *i.e.*, opinions about what the individual can still do despite his or her impairment(s) -- submitted by an individual's treating source or other acceptable medical sources." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (footnote omitted). Furthermore, in assessing a plaintiff's RFC, the ALJ is not required to incorporate every limitation included in the hypothetical questions posed to the vocational expert—rather, the ALJ need only incorporate the limitations he deems credible. *Casey v. Sec'y of Health & Human Servs*., 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to

5

incorporate only those limitations accepted as credible by the finder of fact.") (internal citation omitted).

In this case, substantial evidence supports ALJ Adkins' assessment of Plaintiff's RFC. ALJ Adkins explained the history of Plaintiff's physical and mental impairments, including her fibromyalgia, hypermobility syndrome, hidradenitis suppurativa, arthritis, Crohn's disease, ulcerative colitis, obesity, anxiety, and depression. (Doc. #10-2, *PageID* #s 49-54). He reviewed the medical evidence, the assessments of the examining and reviewing sources, Plaintiff's subjective complaints, and other factors relevant to assessing Plaintiff's pain and other symptoms. *See id.* Upon reviewing this evidence, ALJ Adkins incorporated the limitations that he found to be supported by the record into her RFC and excluded limitations that he found not to be supported, including the work-preclusive limitations advocated for by Plaintiff. *See id.*

Notably, the administrative record does not contain any medical opinion detailing how Plaintiff's mental or physical impairments, either individually or in combination, impact her functioning to the point that they would cause her to need two additional fifteen-minute breaks, be off-task more than twelve percent of the day, or be regularly absent more than two days a month. Instead, Plaintiff relies on generalities in her medical records, such as her diagnoses and treatment for fibromyalgia and hypermobility syndrome, to support her claim that her RFC should have included these work-preclusive restrictions. (Doc. #13, *PageID* #s 2481-83). Specifically, Plaintiff points to records of "multiple surgeries" and to generic reports in her treatment records showing "unsteady gait, poor balance, fall risk, confusion, visual problems, meds side effects, weakness, fatigue, shortness of breath with minimal activity, needs reminders to take medication, constant

wound pain only relieved by rest and relaxation, high risk for hospitalization, and depression." *Id*. at 2482. Noticeably absent from Plaintiff's argument is the fact that none of the records endorse the work-preclusive restrictions she believes should have been included in her RFC. Indeed, while the record confirms that Plaintiff has been diagnosed with and receives regular treatment for her pain and symptoms associated with her fibromyalgia and hypermobility syndrome, there is no medical opinion of record stating that these impairments would cause Plaintiff to need two additional fifteen-minute breaks, be off-task more than twelve percent of the day, or be regularly absent more than two days a month.

Finally, Plaintiff's reliance on her subjective complaints to support including these limitations in her RFC is unavailing. When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms. *See* 20 C.F.R. § 416.929 Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, *3 (March 16, 2016).[4] First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken

---

[4]SSR 16-3p, 2016 WL 1119029, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions issued on or after March 28, 2016. *See* SSR 16-3p, 2017 WL 5180304 (October 25, 2017) (clarifying applicable date of SSR 16-3p).

to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See also* 20 C.F.R. § 416.929(c)(3).

In performing this assessment, the ALJ is not required to analyze all seven factors but must still show that he considered the relevant evidence. *Roach v. Comm'r Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247 (internal quotation omitted). Nonetheless, it remains the province of the ALJ and not the reviewing court to assess the consistency of subjective complaints about the impact of a plaintiff's symptoms with the record as a whole. *See id.* Therefore, "absent a compelling reason," an ALJ's credibility/consistency determination will not be disturbed. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

As an initial matter, it is notable that none of the subjective complaints cited by Plaintiff actually demonstrate that her impairments would cause the limitations she advocates for. Specifically, in support of her argument, Plaintiff points to her documented reports of ongoing pain and fatigue as well as her difficulty with daily activities, such as dressing, showering, and overhead reaching and lifting. (Doc. #13, *PageID* #2482). Absent from Plaintiff's argument, however, is how the difficulty she has in completing these tasks translates to a finding that she

8

would require two additional fifteen-minute breaks a day, be off-task more than twelve percent of the day, or be regularly absent more than two days a month.

Further, even if Plaintiff had provided such citations to the record, substantial evidence exists to support ALJ Adkins' decision not to include those limitations in the RFC. For example, in response to Plaintiff's subjective complaints regarding the severity of her symptoms, ALJ Adkins concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Doc. #10-2, *PageID* #s 58-59). Here, the ALJ appropriately relied on objective medical evidence, including the fact that Plaintiff "is neurologically intact and maintains normal gait and station and muscle tone." *Id*. at 59. *See* 20 C.F.R. § 416.929(a) ("[W]e consider the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence…"); 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence… is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms, such as pain, may have on your ability to work.").

Additionally, and contrary to Plaintiff's contentions, the ALJ did not overly rely on objective evidence. Instead, the ALJ considered a variety of "other evidence," such as Plaintiff's daily activities and the effectiveness of her treatment. (Doc. #10-2, *PageID* #59); *see also* 20 C.F.R. § 416.1529(c)(3)(v). For example, the ALJ pointed out that Plaintiff is able to "attend to personal care needs, care for a dependent child and mother who walks with a cane, operate a motor vehicle even for short distances, shop, and perform household chores ranging from laundry to cleaning." *Id*. (record citations omitted). He also noted the "repeated references in the medical

record that speak to the positive effects [that] compliance with her treatment regimen has on [Plaintiff's] conditions, both physical and mental." *Id.*

Hence, ALJ Adkins carefully considered the totality of the evidence, applied the proper standards, and clearly explained his consistency/credibility findings. In doing so, he did not find Plaintiff's alleged impairments to be wholly inconsistent or uncredible, rather, he simply found that they did not support the additional hypothetical limitations advocated by Plaintiff. Under these circumstances, this Court is without authority to disturb that finding.

For these reasons, Plaintiff's statement of error is not well taken.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #13) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the Court's docket.

March 21, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge